# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STARKS FINCHER, JR., ) | CIVIL ACTION NO. 9:15-1479-BHH-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN, FCI WILLIAMSBURG, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

      This action was filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner serving his sentence at the Federal Correctional Institution (FCI) located in Salters, South Carolina, asserts that he is "actually innocent" of all charges on which he was convicted pursuant to the holding in Johnson v. United States, 135 S.Ct. 2551 (2015).

      The Respondent filed a Motion to Dismiss on February 2, 2016. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on February 3, 2016, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to provide an adequate response, his Petition could be dismissed. The Petitioner thereafter filed a response in opposition to Respondent's motion on February 26, 2016.

1



This matter is now before the Court for disposition.[1]

## Background

On December 9, 2008, Petitioner was indicted on a three count indictment [Criminal Action No. 7:08-cr-01219-GRA-1 (S.C), Docket Entry 1].  Count One charged Petitioner with Intent to Distribute Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  Count Two charged Petitioner with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e).  Count Three charged Petitioner with possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A).  See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 2.

On April 3, 2009, Petitioner pled guilty to all three counts.  See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entries 45, 46, 69.  The probation office prepared a Presentence Investigation Report ("PSR"), finding that Petitioner faced a statutory minimum of 5 years and 40 years maximum on Count 1, a statutory minimum of 15 years on Count 2, and a statutory minimum of 5 years and 40 years maximum on Count 3.  See Presentencing Report[2], p. 1 and p. 15, ¶ 69.  With regard to Count 2, Petitioner was determined to be an "armed career criminal" (ACCA) pursuant to 18 U.S.C. § 924(e) and USSG § 4B1.4 based on four prior convictions: (1) second degree burglary (PSR, ¶ 16); (2) distribution of crack cocaine (PSR, ¶ 17); (3) distribution of crack cocaine (PSR, ¶ 17); and distribution of crack cocaine (PSR, ¶ 21).  Additionally, with regard to Count 1, Petitioner

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C.  The Respondent has filed a motion to dismiss.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]While this document in not on the public court docket, it is available for the Court's review.



was determined to be a career offender pursuant to USSG § 4B1.1 because he had at least two prior felony convictions for a crime of violence or a controlled substance offense. See PSR, ¶¶ 16, 17, 21, and 44. This resulted in an advisory guidelines range of 262 to 327 months imprisonment on all three counts of conviction. PSR, ¶ 58. There were no objections to the PSR; see Addendum to PSR; and at sentencing on August 18, 2009, the court adopted the PSR. The court determined the guidelines range to be 262 to 327 months imprisonment; see Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 70 (sentencing transcript);[3] and then sentenced Petitioner to 262 months imprisonment. Id. Judgment was entered on August 21, 2009. See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 60.

On September 28, 2009, Petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit denied the appeal and affirmed judgment. See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 76. Thereafter, on January 14, 2011, Petitioner filed a Petition under 28 U.S.C. § 2255 raising four grounds/claims. See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 78. On March 7, 2011, the district court dismissed Petitioner's motion and Petitioner appealed. See Fincher v. United States, No. 11-70010, 2011 WL 824591 (D.S.C. Mar. 7, 2011); see also Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 84. The Fourth Circuit dismissed the appeal, in part, and affirmed the order, in part. United States v. Fincher, 473 Fed.Appx. 308 (4th Cir. May 2, 2012).

On October 22, 2013, Petitioner filed a second § 2255 motion. See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 112. In this petition, Petitioner claimed that he did not

---

[3]This exhibit is a copy of the court docket from Petitioner's underlying criminal case. However, neither party has contested these facts.



qualify as an armed career criminal for ACCA purposes. On October 24, 2013, the district court dismissed the motion for lack of jurisdiction because it was a successive § 2255 motion and Petitioner had failed to seek permission to file a second or successive petition in the appropriate court of appeals prior to the filing of the petition. See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 113. On July 6, 2015, Petitioner filed a motion to amend under Federal Rule of Civil Procedure 15(c)(2). See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 131. In this motion, Petitioner contended that he was entitled to relief from his ACCA enhanced sentence in light of Johnson.[4] On September 15, 2015, the district court dismissed the motion, finding that it was, in reality, a second successive motion for which Petitioner had not sought permission to file from the Fourth Circuit. See Criminal Action No. 7:08-cr-01219-GRA-1, Docket Entry 141.

After the district court's dismissal of his third § 2255 motion, Petitioner filed a motion on November 24, 2015, in the Fourth Circuit under 28 U.S.C. § 2244 for Permission to File a Successive § 2255 petition, contending that he was entitled to relief from his ACCA-enhanced sentence because his prior second degree burglary conviction was no longer a "violent felony" in light of Johnson and United States v. McLeod, 808 F.3d 972 (4th Cir. 2015). The Fourth Circuit placed this motion/appeal in abeyance pending a decision in In re: Hubbard, Appeal No. 15-276. See Fourth Circuit Appeal No. 15-377, Docket #4. In re: Hubbard involves a request by a federal prisoner to file

---

[4] "Federal law makes the possession of a firearm by a felon a crime punishable by a prison term of up to 10 years, but the ACCA increases that sentence to a mandatory 15 years to life if the offender has three or more prior convictions for a "serious drug offense" or a "violent felony." The so-called residual clause included in the definition of "violent felony" any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Johnson, the Supreme Court held that clause unconstitutional under the void-for-vagueness doctrine. Johnson, 135 S.Ct. at 2557." Melbie v. May,, No. 15-3174, 2016 WL 1624291, at n. 1 (D. Kan. Apr. 25, 2016).

4



a successive § 2255 motion on the grounds that <u>Johnson v. United States</u> established a new rule of constitutional law retroactively applicable to cases on collateral review. <u>See</u> Fourth Circuit Appeal No. 15-276.

On April 3, 2015, while his motion to file a successive petition was still pending and being held in abeyance, Petitioner filed this § 2241 petition, this time naming the Warden of FCI Williamsburg as the Respondent. In this petition, Petitioner again contends that he no longer qualifies as an "armed career criminal" under the ACCA because his prior conviction for second degree burglary no longer qualifies as a "violent felony." <u>See</u> Petition. Respondent seeks dismissal of this petition.

## **Discussion**

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>See</u> <u>Triestman v. United States</u>, 124 F.3d 361, 373 (2d Cir. 1997). However, in 1948 Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd Cir. 1997)(collecting cases). Now, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." <u>Waletzki v. Keohane</u>, 13 F.3d 1079, 1080, (7th Cir.1994). Hence, since the Petitioner is seeking relief from his conviction and sentence, the relief requested by the Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. <u>See</u> <u>United States v. Morehead</u>, No. 97-391, 2000 WL 1788398 (N.D.Ill., December 4, 2000):

Regardless of how a defendant captions a pleading, "any post-judgment motion in a



    criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, [the defendant] argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

United States v. Morehead, supra.

   In order to instead proceed with his claims in this Court under Section 2241, Petitioner would be required to show that a Section 2255 motion is inadequate or ineffective to test the legality of his convictions or sentences. 28 U.S.C. § 2255(e). However, the fact that Petitioner has already had a § 2255 motion denied by the sentencing court, as is the case here, is not in and of itself sufficient to demonstrate that a § 2255 motion at this time would be inadequate or ineffective. See In re Avery W. Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)[remedy afforded by § 2255 is not rendered inadequate or ineffective because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion]; Atehortua v. Kindt, 951 F.2d 126, 129 (7th Cir. 1991)[petitioner who has failed to demonstrate that § 2255 motion is inadequate to test the legality of his detention is barred from filing a habeas petition under § 2241].

   The Fourth Circuit Court of Appeals set forth the test to determine if a §2255 motion would be inadequate or ineffective in In re Jones, 226 F.3d 328, 333-34 (4th Cir.2000), holding that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226



F.3d at 333-334. Petitioner has not set forth any set of facts which could be construed to meet the prongs announced in Jones, as Johnson announced a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h); see Welch v. United States, No. 15-6418, 2016 WL 1551144, at * 11 (S.Ct. Apr. 18, 2016); see also White v. Wilson, No. 15-3700, 2016 WL 1555699 at *2 (D.Minn. Apr. 18, 2016)[dismissing § 2241 petition, because Petitioner can seek authorization to file a second 28 U.S.C. § 2255 petition to seek relief under Johnson]; cf King v. Werlich, No. 16-300, 2016 WL 1583936 (S.D.Ill. Apr. 20, 2016)[Held that "because Johnson announced a new rule of constitutional law, the holding of Johnson cannot be the basis for a § 2241 petition", but adding that "it may present grounds for filing a second or successive § 2255 motion," which would require permission from the appropriate court of appeals]; In re Robinson, No. 16-11304, 2016 WL 1583616 at *1, ___ F.3d ___ (11th Cir. Apr. 19, 2016); Jolly v. United States, No. 16-4, 2016 WL 1614409 at * 3 (W.D.N.C. Apr. 22, 2016)[providing sentencing relief under § 2255 where Petitioner argued "that, in light of Johnson, his prior Florida convictions for burglary and escape do not constitute 'violent felonies' for purposes of the ACCA", the government conceded that Petitioner was correct, and the court reviewed the record and agreed].

       As a result, this court does not have jurisdiction to entertain Petitioner's Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[5] Rather, in light of Welch and Johnson, Petitioner

---

[5] In light of Welch, it is not clear whether the Fourth Circuit's decision in Surratt v. United States, 797 F.3d 240 (4th Cir. 2015), rehearing *en banc* granted (Dec. 2, 2015), would still be a possible avenue for relief for an inmate contesting their sentence under some circumstances. See Surratt, 797 F.3d at 209 [Leaving open the possibility of relief under § 2241 for an allegedly unlawful sentence to a term of imprisonment exceeding the statutory maximum]; see also, Order [Court Docket No. 20, at pp. 7-8]. Even so, the record now provided to this Court shows that Petitioner was sentenced to only 272 months, which does not exceed the pre-enhancement statutory maximum for his charges. See Criminal Action No. 7:08-CR-1219, Court Docket Nos. 6, 60; see also PSR, p. 1
(continued...)



may seek permission to file a successive § 2255 petition with the Fourth Circuit.[6]  Scott v. Wilson, No. 15-333, 2016 WL 1626593 (E.D.Va. Apr. 21, 2016)[Dismissing § 2241 petition for relief under Johnson, but noting that if the petition is successive that Petitioner will need to seek a certificate of appealability from the Fourth Circuit].  The undersigned expresses no opinion on the merits of Petitioner's arguments.[7]  Cf. Dodd, 545 U.S. at 360.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion to deny Petitioner's habeas petition be **granted**, and that this Petition be **dismissed, without prejudice.**

---

[5](...continued)
and p. 15, ¶ 69.  Therefore, Surratt would not apply in this case in any event.  Cf. Leite v. Warden, No. 15-1780, 2016 WL 490044, at * 3 (D.S.C. Feb. 9, 2016) [Surratt unavailing where Petitioner sentenced to less than the statutory maximum].

[6]As previously discussed, Petitioner has already filed a motion with the Fourth Circuit to file a successive petition, which is currently pending and being held in abeyance pending a decision in In re: Hubbard, Appeal No. 15-276.  See Fourth Circuit Appeal No. 15-377, Docket #4.  **In the event this previously filed motion is not deemed a proper filing for purposes of this opinion, Petitioner is advised that his time for doing so may expire on June 26, 2016**.  Cf. Dodd v. United States, 545 U.S. 353, 360 (2005); Johnson, 135 S.Ct. 2551; see King, 2016 WL 1583936, at * 3 [Noting one year filing requirement].

[7]The Respondent represents that even if Petitioner's second degree burglary conviction were to no longer count as a "violent felony", that he would still have three additional qualifying predicate convictions for ACCA purposes.  See Memorandum in Support of Motion to Dismiss, p. 8.  However, the Petitioner also challenges whether these other three convictions would qualify as predicate convictions for ACCA purposes pursuant to Johnson.  See Memorandum in Opposition, pp. 2-3.

8



The parties are referred to the Notice Page attached hereto.[8]

_____
Bristow Marchant
United States Magistrate Judge

May 2, 2016
Charleston, South Carolina

---

[8] As the Petitioner cites <u>Johnson v. United States</u> as the basis for his requested relief, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See <u>Standing Order</u> No.3: 15-mc-325-TL W (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in <u>Johnson</u>].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10

