IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Starks Fincher, Jr., ) | Civil Action No.: 9:15-1479-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden, FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Starks Fincher, Jr. ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pre-trial proceedings and a Report and Recommendation ("Report").

On February 2, 2016, Respondent Warden, FCI Williamsburg ("Respondent"), filed a motion to dismiss as well as a return and memorandum. (ECF Nos. 27, 28.) Since Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on February 3, 2016, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 29.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. Petitioner filed a response, which was entered on February 26, 2016. (ECF No. 31). Magistrate Judge Marchant considered the response along with the motion to dismiss and the record in this case, and recommended Respondent's motion to dismiss be granted. (ECF No. 33.)

In reviewing these pleadings, the Court is mindful of the Petitioner's *pro se* status. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings.

-2-

*See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a petitioner's clear failure to allege facts that set forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted). The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (ECF No. 33 at 10.) Petitioner filed no objections and the time for doing so expired on May 20, 2016.

Petitioner filed his 28 U.S.C. § 2241 petition on April 3, 2015. (ECF No. 1.) While this § 2241 petition was pending, on November 24, 2015, Petitioner filed in the United States Court of Appeals for the Fourth Circuit a motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under 28 U.S.C. § 2255. (Fourth Circuit Appeal No. 15-377, Docket No. 2.) In his § 2244 motion, Petitioner raised the same basis for relief claimed in the instant § 2241 petition, contending that he is entitled to relief from

his ACCA-enhanced sentence because his prior second degree burglary conviction is no longer a "violent felony" in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *United States v. McLeod*, 808 F.3d 972 (4th Cir. 2015). (*Id.*) The Fourth Circuit placed Petitioner's § 2244 motion in abeyance (*see Id.*, Docket No. 4) pending a decision in *In re: Hubbard*, Appeal No. 15-276, which involved a request by a federal prisoner to file a successive § 2255 motion on the grounds that *Johnson* established a new rule of constitutional law retroactively applicable to cases on collateral review. In the interim period between Magistrate Judge Marchant's Report and the issuance of this Order, *In re: Hubbard* was resolved in a manner granting the federal prisoner's request for authorization to file a successive § 2255 motion. *In re Hubbard*, No. 15-276, 2016 WL 3181417, at *7 (4th Cir. June 8, 2016). In that case, the Fourth Circuit stated that *Johnson* "announced a new rule of constitutional law that the Supreme Court made retroactive and that was previously unavailable." *Id.* at *3 (citing 28 U.S.C. § 2255(h)(2)); *see Welch v. United States*, No. 15-6418, 2016 WL1551144, at * 11 (S.Ct. Apr. 18, 2016).

Thus, at this time Petitioner has not set forth any facts in his § 2241 petition to show that a § 2255 motion would be "inadequate or ineffective to test the legality of his detention" because the relevant test requires that a prisoner show "the new rule is not one of constitutional law" in order to qualify for relief under the savings clause in § 2255(e). *See In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). Rather, Petitioner's § 2244 motion currently pending before the Fourth Circuit, and the proposed successive § 2255 motion included therein, is the proper venue through which to challenge his ACCA-enhanced sentence in light of *Johnson* and *Welch*. Petitioner has timely filed his *Johnson*-based § 2244 request (November 24, 2015), the period for which expires on June 26, 2016. (*See* ECF No. 33 at 8 n.6.) This Court does not have jurisdiction to entertain Petitioner's § 2241 petition because he may very well be authorized to

vindicate his asserted claims through a successive § 2255 motion. This ruling should not be interpreted as an opinion regarding the merits of Petitioner's claims, as the undersigned declines to offer such an opinion.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report (ECF No. 33) by reference into this Order, to the degree not inconsistent. It is therefore ORDERED that the Respondent's motion to dismiss (ECF No. 28) is GRANTED and the § 2241 petition is dismissed, without prejudice.

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

Greenville South Carolina
June 16, 2016

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.